UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **MICHAEL MILES**, | ) |
| Plaintiff, | ) Case No. |
| v. | ) |
| **Mackinaw Catering, Inc.**, | ) Judge: |
| *DBA* | ) |
| **"Days Inn Mackinaw City - Lakeview"** | ) |
| Defendant. | ) |

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

Plaintiff, Michael Miles, individually, by and through the undersigned counsel, Owen B. Dunn, Jr. of the Law Offices of Owen B. Dunn, Jr. and Matthew B. Bryant of Bryant Legal, LLC, Co-Counsel for Plaintiff, hereby files this Complaint against Defendant Mackinaw Catering, Inc. *DBA* "Days Inn Mackinaw City – Lakeview," a Michigan Corporation for Profit, for injunctive relief, damages, attorneys' fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), alleging as follows:

**JURISDICTION AND VENUE**

1. This action is brought by the Plaintiff, Michael Miles, individually, and on behalf of individuals similarly situated, pursuant to the enforcement provision of the American with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12188(a), against the Defendant as delineated herein.

2. The Court has jurisdiction pursuant to the following statutes: 28 U.S.C. § 1331, which governs actions that arise from the Defendant's violations of Title III of the ADA, 42 U.S.C. § 12181, *et seq.*; 28 U.S.C. § 1331, which gives the District Courts original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States; 28 U.S.C. § 1343(3) and (4), which gives District Courts jurisdiction over actions to secure civil rights extended by the United States government; and 28 U.S.C. § 1367, as Count II utilizes the same core of operative facts as Count I, and is therefore subject to supplemental jurisdiction.

3. Venue is proper in the Eastern District of Michigan as venue lies in the judicial district of the property *situs*. The Defendant's property and operations complained of by Plaintiff are located in this judicial district, where the business of public accommodation is conducted, including the acts complained of herein.

## PARTIES

4. Plaintiff, Michael Miles ("Plaintiff" or "Mr. Foster"), is an Ohio resident, is *sui juris*, and qualifies as an individual with disability as defined by the ADA, 42 U.S.C. § 12102(2), 28 C.F.R. 36.104.

5. Defendant Mackinaw Catering, Inc. *DBA* "Days Inn Mackinaw City – Lakeview" operates and owns a hotel in Mackinaw City, Michigan, which is located at 825 S Huron, Mackinaw City, MI 49701. Plaintiff has patronized Defendant's business and its facilities previously as a place of public accommodation.

6. Upon information and belief, the facilities owned and operated by Defendant is non-compliant with the remedial provisions of the ADA. As Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the

regulations implementing the ADA, 28 CFR 36.201(a) and 36.104, Defendant is responsible for complying with the obligations of the ADA. Defendant's facility as a hotel, which constitutes a place of public accommodation, fails to comply with the ADA and its regulations, as also described further herein.

7. Mr. Miles is paraplegic and uses a wheelchair for mobility. As such, he is substantially limited in performing one or more major life activities, including but not limited to, standing and walking, as defined by the ADA and its regulations thereto.

8. Mr. Miles has visited the property that forms the basis of this lawsuit and plans to return to the property to avail himself of the goods and services offered to the public at the property. Plaintiff frequently visits Mackinaw City, Mackinaw Island and the northern Michigan geographic region for golf trips, family vacations, and sporting events several times annually. As such, Plaintiff has visited and been a customer at the property that forms the basis of this lawsuit over the years and plans to return to the property to avail himself of the goods and services offered to the public at the property. Plaintiff has personally experienced the barriers to access complained of herein and been endangered by Defendant's failure to comply with the ADA and its regulations. Plaintiff has patronized the Defendant's hotel, and he travels to the area for various events and activities. However, at Defendant's location, he encountered the architectural barriers at the subject property in contravention of the ADA and its regulations. These barriers to access have endangered his safety and protected access to Defendant's place of public accommodation.

9. Completely independent of the personal desire to have access to this place of public accommodation free of illegal barriers to access, Plaintiff also acts as a "tester" for the

purpose of discovering, encountering, and engaging discrimination against the disabled in public accommodations. When acting as a "tester," Plaintiff employs a routine practice. Plaintiff personally visits the public accommodation; engages all of the barriers to access, or at least all of those that Plaintiff is able to access; and tests all of those barriers to access to determine whether and the extent to which they are illegal barriers to access; proceeds with legal action to enjoin such discrimination; and subsequently returns to the premises to verify its compliance or non-compliance with the ADA and to otherwise use the public accommodation as members of the able-bodied community are able to do. Independent of other visits, Plaintiff also intends to visit the premises annually to verify its compliance or non-compliance with the ADA, and its maintenance of the accessible features of the premises. In this instance, Plaintiff, in Plaintiff's individual capacity and as a "tester," visited the Facility, encountered barriers to access at the Facility, and engaged and tested those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access and the ADA violations set forth herein.

10. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations contained in this complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant. Plaintiff desires to visit the Defendant's place of business again on future occasions, not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the

       hotel and its amenities without fear of discrimination.

11. The Defendant has discriminated against the individual Plaintiff by denying him access to the full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 *et seq.*

12. The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, *inter alia*, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).

13. A preliminary inspection of the hotel owned by Defendant has shown that many violations of the ADA exist, whose remedy is readily achievable. These violations include, but are not limited to:

**Parking:**

    A. The hotel fails to provide a sufficient number of designated accessible parking spaces, in violation of the ADA whose remedy is readily achievable;

    B. The available parking spaces lack designated access aisles, in violation of the ADA whose remedy is readily achievable;

    C. Defendant's facilities fail to provide sufficient or any designated van accessible parking spaces, in violation of the ADA whose remedy is readily achievable;

    D. Defendant's hotel fails to provide sufficient signage for available parking for its disabled patrons, in contravention of the ADA whose remedy is readily achievable;

**Access to Goods and Services:**

    E. The hotel's service counter exceeds 36 inches, in violation of the ADA whose remedy is readily achievable;

    F. The hotel fails to provide an adaptive pool lift into the indoor pool as required, in violation of the ADA whose remedy is readily achievable;

    G. The hotel fails to provide an accessible means of entry into the hotel's spa due to

    stairs and other impediments, in violation of the ADA whose remedy is readily achievable;

**Accessible Routes:**

  H.  There is no identification of the designated accessible route(s) throughout Defendant's facility, in violation of the ADA whose remedy is readily achievable;

  I.  There is no designated accessible parking and/or accessible route servicing the hotel's registration and check-in, in violation of the ADA whose remedy is readily achievable;

  J.  The hotel fails to provide an accessible route into the pool and hot tub building due to steps, in violation of the ADA whose remedy is readily achievable;

  K.  The hotel fails to provide handrails or edge protection on the ramps into the registration and check-in area, in violation of the ADA whose remedy is readily achievable;

**Designated Accessible Guestroom:**

  L.  The designated accessible room fails to provide a roll-in shower, in violation of the ADA whose remedy is readily achievable;

  M.  The hotel fails to provide a sufficient number of designated accessible guestrooms, in violation of the ADA whose remedy is readily achievable;

  N.  The door's hardware in the designated accessible guestroom requires tight clasping or twisting, in violation of the ADA whose remedy is readily achievable;

  O.  The door's lock mechanism is mounted in excess of allowable reach range, in violation of the ADA whose remedy is readily achievable;

  P.  The lavatory's pipes in the restroom to the designated accessible guestroom are not insulated to protect from scalding or burning, in violation of the ADA whose remedy is readily achievable;

  Q.  The curtain wand in the designated accessible guestroom requires tight clasping or twisting to operate, in contravention of the ADA whose remedy is readily achievable;

  R.  The towel racks and shelves in the designated accessible guestroom restroom are mounted in excess of allowable reach range, in violation of the ADA whose remedy is readily achievable;

  S.  There is insufficient latch side clearance for exiting the designated accessible

        guestroom, in violation of the ADA whose remedy is readily achievable;

T.     There are missing and/or non-compliant grab bars in the bathtub, in contravention of the ADA whose remedy is readily achievable;

U.     The bathtub in the designated accessible guestroom fails to provide a showerhead unit with a detachable head and hose, in violation of the ADA whose remedy is readily achievable;

V.     The bathtub faucet controls are not situated on the open side of the tub unit, in violation of the ADA whose remedy is readily achievable;

**Policies and Procedures**

W.     The operator lacks or has inadequate defined policies and procedures for the assistance of disabled patrons.

14.     The discriminatory violations described in Paragraph 13 by Defendant are not an exclusive list of the ADA violations at issue on the property. Plaintiff requires further inspection of the Defendant's place of public accommodation in order to photograph and measure *all* of the discriminatory acts violating the ADA and all of the barriers to access. The Plaintiff, has been denied access to Defendant's accommodations; benefit of services; activities; and has otherwise been discriminated against and damaged by the Defendant, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

**COUNT I**
**VIOLATION OF THE AMERICANS WITH DISABILITES ACT**

15.     Plaintiff restates the allegations of ¶¶1-14 as if fully rewritten here.

16. The facility at issue, as owned by Defendant is a public accommodation and service establishment, and as such, must be, but is not, in compliance with the Americans with Disabilities Act ("ADA") or Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

17. Plaintiff was unlawfully denied full and equal enjoyment of the goods, services, facilities, privileges, and advantages of the property on the basis of disability due to Defendant's failure to comply with Title III of the Americans with Disabilities Act and its accompanying regulations, as prohibited by 42 U.S.C. § 12182, *et seq.* Defendant will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the facility, including those specifically set forth herein, and make the facility accessible to and usable by persons with disabilities, including Plaintiff.

18. The Plaintiff, and others similarly-situated, is presently without adequate remedy at law and is damaged by irreparable harm. Plaintiff reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions, and ADA violations that exist at the Facility, including those set forth herein.

19. Pursuant to 42 U.S.C. §12187, Plaintiff requests that the Court issue an injunction requiring Defendant Mackinaw Catering, Inc. *DBA* "Days Inn Mackinaw City – Lakeview" to make such readily achievable alterations as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons. In connection with that relief, Plaintiff requests reasonable attorney's fees and costs of maintaining this action.

## COUNT II
## VIOLATION OF MICHIGAN PERSONS WITH DISABILITIES CIVIL RIGHTS ACT
## M.C.L. § 37.1301 *et seq.*

20. Plaintiff restates the allegations of ¶¶1-19 as if fully rewritten here.

21. Defendant Mackinaw Catering, Inc *DBA "Days Inn Mackinaw City – Lakeview"* is a "place[s] of public accommodation" pursuant to M.C.L §37.1301(a).

22. Defendant committed an unlawful act pursuant to M.C.L §37.1302(a) by denying Plaintiff the full enjoyment of its goods, services, accommodations, advantages, facilities, or privileges.

23. Pursuant to M.C.L §37.1606, Plaintiff is entitled to compensatory and applicable damages, attorney's fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendants to allow full and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons.

**WHEREFORE**, Plaintiff demands,

For **COUNT I**, an injunction requiring Defendant to make all readily achievable alterations and institute policies and procedures to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons, and the reasonable attorneys fees and costs of maintaining this action; and,

For **COUNT II**, compensatory and exemplary damages, attorneys fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons.

Respectfully Submitted,

*Counsel for Plaintiff:*

/s/ Owen B Dunn Jr.
Owen B. Dunn, Jr., Esq. (p66315)
Law Office of Owen B. Dunn, Jr.
The Ottawa Hills Shopping Center
4334 W. Central Ave., Suite 222
Toledo, OH 43615
(419) 241-9661 – Phone
(419) 241-9737 - Facsimile
dunnlawoffice@sbcglobal.net


/s/ Matthew B. Bryant
Matthew B. Bryant (0085991)*
BRYANT LEGAL, LLC
6600 W. Sylvania Ave., Suite 260
Sylvania, OH 43560
Phone: (419) 340-3883
Email: mbryant@bryantlegalllc.com
*Admitted to practice in the Eastern District of Michigan