UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MICHAEL MILES,

                Plaintiff,                Case No. 15-cv-13996

v                                      Honorable Thomas L. Ludington

MACKINAW CATERING, INC., d/b/a
Days Inn Mackinaw City-Lakeview

                Defendant.
_____/

## ORDER DENYING MOTION TO STRIKE JURY DEMAND AND CANCELING HEARING

Plaintiff Michael Miles initiated the above-actioned matter by filing his two-count complaint on November 13, 2015 against Defendant Mackinaw Catering, Inc., d/b/a/ Days Inn Mackinaw City-Lakeview ("Mackinaw Catering"). ECF No. 1.  In the first count of his complaint, Miles alleges that Mackinaw Catering discriminated against him in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12182, *et seq*. (the "ADA") by failing to provide accessible facilities. In a his second count, Miles alleges that Mackinaw Catering has violated the Michigan Persons with Disabilities Civil Rights Act, M.C.L. § 37.1301, *et seq*., ("PWDCRA") by denying Miles the full enjoyment of its goods, services, accommodations, advantages, facilities, or privileges. *See* Compl. ¶¶ 20-23.

Defendant Mackinaw Catering filed an answer to Miles' complaint on December 8, 2015, along with a demand for a jury trial. ECF No. 5.  On December 29, 2015 Miles filed a motion to strike Mackinaw Catering's demand for a jury trial pursuant to Federal Rules of Civil Procedure 12(f) and 39. *See* ECF No. 9.  The Court has reviewed the parties' papers.  They adequately set

forth the legal and factual information necessary to determination of the motion, making oral argument unnecessary. For the reasons stated below, Plaintiff Miles' motion will be denied.

**I.**

According to his complaint, Plaintiff Michael Miles is an Ohio resident who qualifies as an individual with a disability as defined by the ADA, 42 U.S.C. § 12102(2); 28 C.F.R. 36.104. Compl. ¶ 4. Specifically, Miles is a paraplegic and uses a wheelchair for mobility, and is thus substantially limited in performing one or more major life activities. *Id*. at ¶ 7.

Miles claims that he patronized Defendant Mackinaw Catering's place of business in Mackinaw City, Michigan, and that he plans to return to the property in the future. *Id*. at ¶¶ 5, 8. Miles alleges that Defendant's facilities are a place of public accommodation as defined by the ADA, 28 C.F.R. 36.201(a) & 36.104, and that Defendant's facilities are not in compliance with the remedial provisions of the ADA. *Id*. at ¶ 6.

Miles filed his complaint on November 13, 2015, alleging that during his visit he personally experienced barriers to access at Mackinaw Catering's facility, including the following: (1) lack of designated accessible parking spaces and designated access aisles; (2) inaccessible service counter; (3) inaccessible pool and spa; (4) lack of designated access routes; (5) lack of handrails on ramps in the registration and check-in area; (6) inadequate designated accessible room; (7) insufficient number of designated accessible guestrooms; and (8) inadequate policies and procedures for assisting disabled persons. Compl. ¶¶ 8, 9, 13.

Miles alleges that these barriers to access constitute discrimination under both the ADA and the PWDCRA. Under the ADA, Miles requests equitable relief, seeking an injunction requiring Mackinaw Catering to alter its property pursuant to 42 U.S.C. § 12187. *See* Compl. ¶¶ 15-19. Under the PWDCRA, Miles seeks compensatory and applicable damages, attorney's fees

and costs, as well as the issuance of an injunction requiring Defendant to allow "full and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons." *Id.* at ¶ 23.

## II.

Plaintiff Miles now moves to strike Defendant's demand for a jury trial pursuant to Federal Rule of Civil Procedure 39. ECF No. 9. Under Rule 39(a), all issues subject to a jury demand must be tried by a jury unless "the court, on motion or on its own, finds that on some or all of those issues there is no federal right to a jury trial." *Id.* Miles alleges that there is no right to a jury trial for his equitable relief claims under the ADA. *See, e.g. Dorsey v. City of Detroit,* 157 F. Supp. 2d 729, 733 (E.D. Mich. 2001) ("Title III of the ADA does not provide for monetary damages or, concomitantly, a jury trial, when the action is brought by a 'person who is being subjected to discrimination.'") (citing 42 U.S.C. § 12188(a)(2)).

In its response, Defendant does not dispute this allegation. *See* ECF No. 11. Instead, Defendant argues that it is entitled to a jury trial under the Seventh Amendment as to Miles' second claim under the PWDCRA. ECF No. 11. Defendant therefore argues that, in the interest of judicial economy, a jury should try both claims. Miles disagrees, arguing that there is no right to a jury trial under his PWDCRA claim.[1] To the contrary, because the § 37.1606(1) expressly permits recovery of damages for violations of the PWDCRA, Defendant is entitled to a trial by jury on that claim under the Seventh Amendment. *See* U.S. Const. amend. VII. ("In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise reexamined in any Court of the United States, than according to the rules of the common law.") Because Defendant is

---

[1] Miles alternative argument that the matter should be bifurcated will not be addressed. As explained in this Court's practice guidelines, "under no circumstances may a motion be included within the text or footnotes of another motion."

entitled to a jury trial on Miles' PWDCRA claim, Miles motion to strike Defendant's jury demand will be denied.

### III.

Accordingly, it is **ORDERED** that Plaintiff Michael Miles' motion to strike Defendant's jury demand, ECF No. 9, is **DENIED**.

It is further **ORDERED** that the hearing scheduled for March 17, 2016 is **CANCELED**. *See* E.D. Mich. L.R. 7.1(f)(2).

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: March 3, 2016

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 3, 2016.

s/Michael A. Sian
MICHAEL A. SIAN, Case Manager

---